In the Matter of STANDARD LAW EN-FORCEMENT SUPPLY COMPANY OF WISCONSIN, d/b/a Standard Equipment Company, Debtor.

John Louis CASTELLANI, Trustee, Plaintiff,

v.

FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE and Clifton G. Owens, Trustee, Defendants.

Bankruptcy No. 83–03196.
Adv. No. 84–0196.

United States Bankruptcy Court, E.D. Wisconsin.

July 22, 1988.

See also, 74 B.R. 608.

Floyd A. Harris, Polachek and Harris (George P. Kersten, of counsel, Kersten & McKinnon), Milwaukee, Wis., for plaintiff.

Mark L. Metz, Milwaukee, Wis., for First Wisconsin Nat. Bank of Milwaukee.

Jack U. Shlimovitz, Ludwig & Shlimovitz, S.C., Milwaukee, Wis., for Clifton G. Owens, Trustee.

## MEMORANDUM DECISION

C.N. CLEVERT, Chief Judge.

Standard Law Enforcement Supply Co, also known as Standard Equipment Co. (SECO), filed its voluntary petition under Chapter 7 of the Bankruptcy Code in 1983, and John Castellani was appointed as its trustee. Thereafter, Castellani served also as bankruptcy trustee of Lentech International Corporation, a related corporation, until discovering that SECO was a creditor of Lentech. Castellani then resigned as Lentech's trustee and Clifton Owens was appointed his successor.

Subsequently, Castellani instituted this adversary proceeding to recover an alleged fraudulent transfer made by SECO to First Wisconsin National Bank of Milwaukee through Lentech. While the suit was pending, Castellani filed a motion in the underlying bankruptcy case seeking authority to abandon voluminous, unidentified comingled documents regarding SECO, Lentech and other related businesses, he considered unnecessary for continued administration of the bankruptcy estate. Those documents had been stored in a suite next to Castellani's office for three years, at a cost of $180 a month, paid by First Republic Bank–Dallas, SECO's largest creditor.

After notice to all known parties in interest and a hearing, Castellani's motion was granted without objection on March 3, 1987. Thereafter, the documents were destroyed.

On November 21, 1987, First Wisconsin served Castellani with a subpoena and request to produce documents relating to transfers between SECO and Lentech during the period January 1, 1981, to December 31, 1983. When Castellani replied that

he did not have the documents and that they may have been destroyed, First Wisconsin filed the pending motion asking for various sanctions, including dismissal of Castellani's complaint; dismissal of Owens' cross claim seeking recovery of the funds from First Wisconsin as a preference; a determination that SECO owed Lentech less that $356,800 when the alleged fraudulent transfer was made; striking Castellani's assertion that the alleged fraudulent transfer was for less than reasonably equivalent value; and ordering Castellani to produce all documents that in any way relate to SECO and Lentech. First Wisconsin claimed that some, if not all, of the sanctions were warranted because failure to produce the documents impaired its primary defense that the transfer from SECO to Lentech was for reasonably equivalent value.

### DISCUSSION

■ Although courts ordinarily impose sanctions against a party for failure to comply with discovery ordered pursuant to Bankruptcy Rule 7037 and Rule 37 of the Federal Rules of Civil Procedure, courts also may exercise their inherent authority to impose sanctions in circumstances which do not squarely fall within the discovery rules. Accordingly, in *National Ass'n of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 556 (N.D.Cal.1987) the court stated "[t]he court has the inherent authority to sanction a litigant for the destruction of relevant and potentially discoverable documents." However, it limited exercise of that authority to cases where a litigant knew or should have known the destroyed materials were relevant and discoverable. Id. at 557.

■ First Wisconsin argues that the court must infer that Castellani destroyed relevant documents, relying on *Turnage.* In *Turnage,* the defendant admitted to destroying relevant documents, and the court imposed monetary, discovery, and other sanctions against the defendant. The court stated that it "must draw the strongest allowable inferences in favor of the aggrieved party.... Obviously, the relevance of and resulting prejudice from destruction of documents cannot be clearly

ascertained because the documents no longer exist. Under the circumstances, the culpable party can hardly assert any presumption of irrelevance as to the destroyed documents." *Id.* at 557 (citations omitted).

Here, there is no admission to the destruction of relevant documents and Castellani has stated that he does not believe that he destroyed any documents relating to transfers between SECO and Lentech. But, even if relevant documents were among those purged, Castellani sought and received court approval for the abandonment of materials which he felt burdened the bankruptcy estate. Furthermore, First Wisconsin was aware of Castellani's motion to abandon and intention to destroy documents and yet, failed to object or seek to inspect the documents before they were destroyed. First Wisconsin cannot now complain that the destroyed documents were relevant when it chose not to inspect the documents. Under the circumstances, First Wisconsin's tardy complaints are to no avail. Castellani reasonably relied on First Wisconsin's silence following his motion to abandon and he properly obtained a court order approving his request.

For the foregoing reasons, First Wisconsin's motion for sanctions is denied.